-In an action to recover damages for negligence, alleged to have resulted in the death of plaintiff’s intestate, plaintiff appeals from an order granting a motion by the defendant, appearing specially, to vacate and set aside the service of the summons and complaint on the ground that the corporate defendant was not, at the time of the service of process, doing business within the State of New York. Prior to the time of the service of process, the defendant, a Delaware corporation, had been dissolved under the laws of that State, and its assets had been transferred to another corporation, which had assumed its liabilities. At the time when process was served, defendant had no employees here, nor was it engaged in winding up or completing any business previously entered into in this State. Under a statute of the State of Delaware, it was still in existence for the purpose of winding up its affairs and prosecuting, and defending suits by or against it. The learned Official Referee, to whom the motion was referred for determination, concluded that the continuance of the life of the corporation, under the Delaware Law, for the purpose of liquidation, did not justify or permit a determination that the presence of the corporation, was continued within this State, in view of the uneontradicted proof that it was not, during the period of such liquidation, actually doing business here. Order affirmed, with $10 costs and disbursements. (Chaplin v. Selznick, 293 N. Y. 529.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.